UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KYLE FINNELL,

        **Plaintiff,**

   v.                                       Civil Action 2:24-cv-55
                                                  Judge Sarah D. Morrison
                                                  Magistrate Judge Chelsey M. Vascura

GOVERNOR MIKE DEWINE, *et al.*,

        **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Kyle Finnell, an Ohio inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against several state officials and officers of the London Correctional Institution, advancing several claims arising from the confiscation of his JPay tablet. (Am. Compl., ECF No. 11.) This matter is before the Court for the initial screen of Plaintiff's Amended Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Amended Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). For the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Amended Complaint for failure to state a claim on which relief may be granted. It is further **RECOMMENDED** that the Court **DENY** Plaintiff's motion for temporary restraining order and preliminary injunction (ECF No. 12)

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 12-1.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he has $0.00 in his prison account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate ID Number A707931) at London Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00, until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs

had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office.

## I. BACKGROUND

Plaintiff filed his original Complaint on January 8, 2024 (ECF No. 1). The original Complaint asserted several unrelated claims arising from (1) Defendants' alleged use of excessive force and deliberate indifference to his resulting injuries, (2) Defendants' alleged deliberate indifference to risks to Plaintiffs' health arising from his being forced to clean an area with an excessive amount of bird droppings, and (3) Defendants' confiscation of Plaintiff's JPay tablet. (*Id.*) On April 1, 2024, Plaintiff filed a motion for leave to file an Amended Complaint, which would remove Plaintiff's excessive force and deliberate indifference claims, but retain Plaintiff's claims related to the confiscation of his JPay tablet. (ECF No. 11.) For good cause shown, Plaintiff's motion for leave to file an amended complaint is **GRANTED**. The undersigned will therefore consider only the allegations related to the confiscation of Plaintiff's JPay tablet.

Plaintiff alleges that in 2023, the Ohio Department of Rehabilitation and Correction ("ODRC") phased out the use of "JPay" tablets, which inmates had previously been allowed to use to download, among other things, music, games, photos, e-books, and emails. (Finnell Decl., ECF No. 11, PAGEID #350.) Plaintiff alleges that he also used his JPay tablet "to type and structure Legal Litigation, an[d] only then transfer to word processor." (Am. Compl., ECF No. 11, PAGEID #328.) Plaintiff further alleges that he "has pending matters" and has "filed a post-Conviction," "a motion to AMENDMENT OF POST-CONVICTION," "a notice of appeal and leave to file a delay appeal" with the Ohio Supreme Court, a "Motion to certify a conflict," and "a state Habeas Corpus." (*Id.* at PAGEID #395–96.)

As part of the JPay tablet phase-out, inmates were to be issued new tablets with content made available by ViaPath Technologies. (Finnell Decl., ECF No. 11, PAGEID #350.) Although inmates were "informed that previously purchased music would be transferred and downloaded to the new tablets, Plaintiffs and others have failed to receive the content." (*Id.* at PAGEID #351.) Further, inmates' previously purchased gaming content was not made available on the new ViaPath tablets; instead, inmates would be required to purchase a new gaming subscription to access gaming content. (*Id.*)

As of October 2023, ODRC considered JPay tablets to be contraband. (*Id.*) Inmates were given the option of sending their JPay tablet to a family member or turning it in to ODRC for a credit. (*Id.*) In March 2023, Plaintiff was issued a conduct report for failing to sign a form that would have authorized ODRC to either send (at Plaintiff's expense) his JPay tablet to a family member or to destroy his JPay tablet. (*Id.* at PAGEID #352–53, 376.)

## II.     STANDARD OF REVIEW

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not

4

"suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III. ANALYSIS

The undersigned construes Plaintiff's Amended Complaint to advance claims for (1) issuance of a false conduct report, (2) deprivation of property without due process of law in violation of the Fourteenth Amendment, and (3) violation of his First Amendment right to access the courts. Plaintiff also moves for a temporary restraining order and preliminary injunction to prevent Defendants from destroying his JPay tablet. As explained below, none of these claims have merit.

### A. False Conduct Report

To the extent Plaintiff's claims rely on the issuance of a false conduct report, he has failed to state a claim. "[A] prisoner has no constitutional right to be free from false accusations of misconduct." *Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003) (citing *Freeman v.*

5

*Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)); *see also Jones v. McKinney*, No. 97-6424, 1998 WL 940242, at *1 (6th Cir. Dec. 23, 1998) (district court properly dismissed a complaint alleging that prison officials "deliberately issued a false disciplinary report" against the plaintiff as frivolous because "even if the disciplinary report was false, . . . a prisoner has no constitutionally protected immunity from being wrongly accused"); *Lee v. Pauldine*, No. 1:12–cv–077, 2013 WL 65111, at *8 (S.D. Ohio Jan. 4, 2013) ("Accepting as true plaintiff's allegation that defendant . . . filed a false conduct report against him, '[t]he act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights.'" (quoting *Spencer v. Wilson*, No. 6:11–00128–KSI, 2012 WL 2069658, at *6 (E.D. Ky. June 8, 2012))), *adopted*, 2013 WL 646775 (S.D. Ohio Feb. 21, 2013)); *Reeves v. Mohr*, No. 4:11-cv-2062, 2012 WL 275166, at *2 (N.D. Ohio Jan. 31, 2012) ("Erroneous allegations of misconduct by an inmate do not constitute a deprivation of a constitutional right."). It is therefore **RECOMMENDED** that Plaintiff's claim for issuance of a false conduct report be **DISMISSED**.

**B.     Property-Deprivation Due Process Claim**

Plaintiff's claim for property deprivation without due process of law must be dismissed because Plaintiff has not sufficiently alleged the inadequacy of the remedies available under Ohio law. *See Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986) and *Hudson v. Palmer*, 468 U.S. 517 (1984). In *Paratt*, the United States Supreme Court held that the existence of adequate post-deprivation state remedies eliminates any due process claim arising from the negligent deprivation of a prisoner's property. 451 U.S. at 539–44. The *Hudson* Court extended *Parratt's* application to all § 1983 due process claims involving deprivation of property, regardless of whether the deprivation is negligent or intentional. *Hudson*, 468 U.S. at 533–36. *Cf. Jefferson v. Jefferson Cnty. Pub. Sch. Sys.*, 360 F.3d 583, 587–88 (6th Cir. 2004) ("If satisfactory state procedures are provided in a procedural due

process case, then no constitutional deprivation has occurred despite the injury."). Following *Parratt* and *Hudson*, the United States Court of Appeals for the Sixth Circuit held that in a § 1983 case "claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1065–66 (6th Cir. 1983). Where a plaintiff fails to do so, dismissal for failure to state a claim is appropriate. *See, e.g.*, *Gibbs v. Hopkins*, 10 F.3d 373, 377-78 (6th Cir. 1993) (dismissal of procedural due process claim upheld where the plaintiff had "not pled or shown that [the state] judicial remedies are inadequate . . . ."); *Ruiz v. Fisher,* No. 96-4212, 1998 WL 661139, at *5 (6th Cir. Sept. 2, 1998) (concluding that the plaintiff had failed to state a claim of either intentional or negligent deprivation of property where he had not pled "that state remedies for redressing the wrong [were] inadequate").

In this case, Plaintiff has failed to sufficiently plead that the post-deprivation tort remedies available to him under Ohio law are inadequate to adjudicate his property-deprivation claim as required under *Parratt* and *Vicory*. *See Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999) (citing *Hudson*, 468 U.S. at 534–36) ("State tort remedies generally satisfy the postdeprivation process requirement of the Due Process Clauses."). Because Plaintiff's Amended Complaint provides insufficient factual content or context from which the Court could reasonably infer that Ohio's post-deprivation tort remedies are inadequate to adjudicate his property-deprivation claim, it is **RECOMMENDED** that the Court **DISMISS** this claim.

C.    **Access to Courts**

Plaintiff's access-to-courts claim fails because he has not alleged actual injury to any legal proceedings as a result of the confiscation of his JPay tablet. Prisoners have a First Amendment right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351–54 (1996). To state a claim that a state actor has violated that right, a plaintiff must allege an "actual injury"

7

and official conduct that is more than mere negligence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005); *Gibbs v. Hopkins*, 10 F.3d 373, 379 (6th Cir. 1993). "Actual injury" can be demonstrated by "the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). In addition, the underlying action cannot be frivolous. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405–06 (6th Cir. 1999) ("By explicitly requiring that plaintiffs show actual prejudice to non-frivolous claims, *Lewis* did in fact change the 'actual injury' requirement as it had previously been applied in this circuit."). Thus, "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353, n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416. Accordingly, in drafting a complaint, a plaintiff must: (1) clearly state the underlying claim; and (2) include supporting facts that describe "official acts frustrating the litigation" to show actual injury. *Id.* at 415.

Plaintiff has failed to sufficiently plead an access-to-courts claim. His Amended Complaint does not clearly identify the underlying interfered-with causes of action. Nor does his Amended Complaint allege "actual injury" to his ability to prosecute any other appeals or motions, such as the inability to timely file legal documents. Indeed, although he alleges that he previously used his JPay tablet to type his legal filings, his allegations also suggest that he retains access to a word processor and presumably a ViaPath tablet. Thus, it is **RECOMMENDED** that Plaintiff's First Amendment claim for denial of access to courts be **DISMISSED**.

**D.     Injunctive Relief**

Plaintiff has moved for a temporary restraining order and preliminary injunction to prevent Defendants from destroying Plaintiff's JPay tablet. When deciding whether to issue a preliminary injunction or temporary restraining order, the Sixth Circuit has instructed trial courts to consider the following factors:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*Leary v. Daeschner,* 228 F.3d 729, 736 (6th Cir. 2000) (citing cases). Applied here, Plaintiff cannot demonstrate a strong likelihood of success on the merits because, as explained above, his Amended Complaint fails to state a claim on which relief can be granted. Moreover, Plaintiff's allegations do not demonstrate that he would suffer irreparable harm from deprivation of his JPay tablet. The Amended Complaint and its attachments demonstrate that all content, with the exception of games, would be transferred from the JPay tablets to the ViaPath tablets, such that Plaintiff will not lose access to any irreplaceable messages, photos, or videos from his family or friends. Plaintiff alleges that he has not yet received his "music" content, but he has not alleged that such content is irreplaceable. Similarly, although gaming content may be lost, such loss is not "irreparable" because it may be replaced with a similar gaming subscription or money damages. *See Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992) ("a plaintiff's harm is not irreparable if it is fully compensable by money damages."). Accordingly, it is **RECOMMENDED** that Plaintiff's motion for temporary restraining order and preliminary injunction be **DENIED**.

## IV. DISPOSITION

For the foregoing reasons, Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 12-1) is **GRANTED**. Plaintiff's motion for leave to amend his Complaint (ECF No. 11) is **GRANTED**. The Clerk is **DIRECTED** to file on the docket Plaintiff's Amended Complaint (ECF No. 11, PAGEID #323–76, 386–414).

It is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Amended Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim on which relief may be granted. It is further **RECOMMENDED** that the Court **DENY** Plaintiff's motion for temporary restraining order and preliminary injunction (ECF No. 12).

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE