UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KYLE FINNELL,

        **Plaintiff,**

v.                        **Civil Action 2:24-cv-55**
                             **Judge Sarah D. Morrison**
                             **Magistrate Judge Chelsey M. Vascura**

MIKE DEWINE, *et al.*,

        **Defendants.**

**ORDER and REPORT AND RECOMMENDATION**

Plaintiff, Kyle Finnell, an Ohio inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against several state officials and officers of the London Correctional Institution, advancing several claims arising from the confiscation of his JPay tablet. (Am. Compl., ECF No. 11.) This matter is before the Court on Plaintiff's Petition for Leave to Cure Deficiency and Leave to Enlargement of Time to Timely Make Objection (ECF No. 20). The undersigned construes Plaintiff's petition as a motion for leave to amend his Amended Complaint, and **RECOMMENDS** that the Court deny leave to amend as futile under Federal Rule of Civil Procedure 15(a).

## I.    BACKGROUND

Plaintiff filed his original Complaint on January 8, 2024 (ECF No. 1). The original Complaint asserted several unrelated claims arising from (1) several Defendants' alleged use of excessive force and deliberate indifference to his resulting injuries, (2) several other Defendants' alleged deliberate indifference to risks to Plaintiffs' health arising from his being forced to clean

an area with an excessive amount of bird droppings, and (3) yet several other Defendants' confiscation of Plaintiff's JPay tablet. (*Id.*) On April 1, 2024, Plaintiff filed a motion for leave to file an Amended Complaint, which the Court understood would remove Plaintiff's excessive force and deliberate indifference claims, but retain Plaintiff's claims related to the confiscation of his JPay tablet. (ECF No. 11.) The Court granted Plaintiff's motion for leave to file an amended complaint on April 12, 2024, and proceeded to screen the Amended Complaint under 28 U.S.C. §§ 1915A and 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Amended Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. (ECF No. 14.) The undersigned recommended that Plaintiff's Amended Complaint be dismissed in its entirety for failure to state a claim on which relief may be granted. (*Id.*)

Plaintiff's Petition to Cure Deficiency suggests that, contrary to the Court's understanding, Plaintiff did not intend to abandon the additional claims in his original Complaint; rather, his proposed Amended Complaint was intended to supplement—rather than replace—the original Complaint. (Pl.'s Pet., ECF No. 20.) Plaintiff also appears to advance additional factual allegations intended to bolster his access-to-courts claim, of which the undersigned recommended dismissal in the April 12, 2024 Order and Report and Recommendation. The undersigned therefore construes Plaintiff's Petition as a motion for leave to amend the Amended Complaint to include the additional claims contained in his original Complaint and the additional facts related to his access-to-courts claim.

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 15(a)(2), the Court should "freely give leave" for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of

Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

### III. ANALYSIS

Plaintiff seeks to amend his current Amended Complaint in two ways: by (1) adding back in his claims for excessive force and deliberate indifference, and (2) adding additional factual allegations to bolster his access-to-courts claim. The undersigned will consider each proposed amendment in turn.

**A. Plaintiff's claims for excessive force and deliberate indifference would be misjoined.**

Federal Rule of Civil Procedure 20, which governs persons who may be joined in one action, provides in pertinent part as follows:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to arising out of the same transaction, occurrence, or series of transactions or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

3

Fed. R. Civ. P. 20(a)(2). This means that a plaintiff may not "combine into one lawsuit unrelated claims against different defendants." *Robinson v. Rodarte*, 2017 WL 1017929, at *2 (E.D. Mich. Feb. 6, 2017), report and recommendation adopted at 2017 WL 994350 (E.D. Mich. Mar. 15, 2017). In the context of claims brought by inmates, the United States Court of Appeals for the Seventh Circuit has also observed that, "[u]nrelated claims against different defendants belong in different suits . . . to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 506 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

Federal Rule of Civil Procedure 21 provides the remedy for such misjoinder and states as follows:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21. "Where parties have been misjoined, a district court may drop a party or sever a claim against a party, but may not dismiss the action on that basis." *Roberts v. Doe*, No. 16-2082, 2017 WL 3224655, at *2 (6th Cir. Feb. 28, 2017); *see also Cage v. Mich*., No. 16-cv-11679, 2018 WL 3729062, at *2 (E.D. Mich. Aug. 6, 2018) (citing Fed. R. Civ. P. 21) ("[T]he proper remedy for such misjoinder is to sever the claims against the unrelated parties and dismiss those claims without prejudice."); *Prince v. Elum*, No. 12-15526 (E.D. Mich. Jan. 14, 2013) (*sua sponte* severing and dismissing claims without prejudice under Rule 21 in prisoner civil rights case for misjoinder).

Here, Plaintiff's excessive force and deliberate indifference claims would be advanced against different individuals and would arise out of different events than the claims related to

4

Plaintiff's JPay tablet that the undersigned has already screened under §§ 1915A and 1915(e)(2). (*Compare* Compl. 9, 12, 14–15, ECF No. 1, alleging excessive force and deliberate indifference against Defendants Condrac, Blackwell, Campbell, Silvers, Doyle, and several John Doe Defendants arising out of events in December 2021 and January 2022, *with* Am. Compl. 11, 16, 31–32, ECF No. 11, alleging issuance of a false conduct report, deprivation of property without due process of law, and violation of Plaintiff's right of access to courts against Defendants DeWine, Husted, Chambers-Smith, DiMartino, Thompson, and Yost arising out of events in March through October 2023.) Thus, even if the Court were to permit amendment to include Plaintiff's claims for excessive force and deliberate indifference, those claims would be subject to severance and dismissal without prejudice for misjoinder under Rule 21. Because amendment to include these additional claims would be futile, it is **RECOMMENDED** that the Court **DENY** leave to amend the Amended Complaint to include Plaintiff's claims for excessive force and deliberate indifference.

B.     **Plaintiff's additional factual allegations do not save his access-to-courts claim.**

The undersigned recommended dismissal of Plaintiff's access-to-courts claim because "he has not alleged actual injury to any legal proceedings as a result of the confiscation of his JPay tablet." (April 12, 2024 Order and Report and Recommendation 7, ECF No. 14.) In response, Plaintiff alleges that London Correctional Institution instituted a new policy of deleting files from the law library's word processor 30 days after the file's creation, in contrast to the previous policy of deleting files 30 days after the file was last saved. (Pl.'s Pet. 9–11, ECF No. 20.) Plaintiff does not, however, allege that any particular file of his was deleted, or that the file deletion policy prevented him from filing documents with a Court or caused him any other prejudice. Accordingly, Plaintiff's new allegations still fail to (1) clearly state the underlying claim; and (2) include supporting facts that describe "official acts frustrating the litigation" to

5

show actual injury. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002). It is therefore **RECOMMENDED** that Plaintiff's request to amend his Amended Complaint to include additional facts to bolster his access-to-courts claim be **DENIED** as futile.

## IV. DISPOSITION

For the reasons above, it is **RECOMMENDED** that Plaintiff's motion for leave to amend his Amended Complaint be **DENIED** as futile. It is further **ORDERED** that Plaintiff shall have until June 9, 2024 to file objections to the April 12, 2024 Report and Recommendation (ECF No. 14). As set forth below, Plaintiff's deadline to file objections to this Report and Recommendation will be fourteen days after the date of this Report and Recommendation.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                          /s/ *Chelsey M. Vascura*
                                          CHELSEY M. VASCURA
                                          UNITED STATES MAGISTRATE JUDGE