UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KYLE FINNELL,

        Plaintiff,        :

  v.                                  Case No. 2:24-cv-55
                                       Chief Judge Sarah D. Morrison
                                       Magistrate Judge Chelsey M.
GOVERNOR MIKE DEWINE,          Vascura
*et al.*,                           :

        Defendants.

## <u>ORDER</u>

This matter is before the Court on the Magistrate Judge's Order and Report and Recommendation issued on April 12, 2024 (April R&R, ECF No. 14) and Order and Report and Recommendation issued on June 3, 2024 (June R&R, ECF No. 22). Therein, the Magistrate Judge granted Plaintiff Kyle Finnell's request to proceed *in forma pauperis* (ECF No. 12-1) and recommended that the Court (1) dismiss Mr. Finnell's Amended Complaint (ECF No. 11) for failure to state a claim upon which relief may be granted; (2) deny his request for a temporary restraining order and preliminary injunction (ECF Nos. 1, 11, 12, 13); and (3) deny his Petition for Leave to Cure Deficiency (ECF No. 20) as futile. Mr. Finnell timely filed an Objection to the April R&R (ECF No. 24), but he did not submit objections to the June R&R.

For the reasons set forth below, the Court **ADOPTS** and **AFFIRMS** the April R&R (ECF No. 14) and the June R&R (ECF No. 22). Mr. Finnell's request for a temporary restraining order and preliminary injunction (ECF Nos. 1, 11, 12, 13)

and Petition for Leave to Cure Deficiency (ECF No. 20) are **DENIED**, and this case is **DISMISSED**.[1]

**I.    BACKGROUND**

Mr. Finnell is an Ohio inmate proceeding without the assistance of counsel. (ECF Nos. 1, 12-1.) He brings this action under 42 U.S.C. § 1983 against Governor Mike DeWine, Lieutenant Governor Jon Husted, Annette Chambers-Smith (Director of the Ohio Department of Rehabilitation and Correction ("ODRC")), and several officers at the London Correctional Institution. (ECF Nos. 1, 11.)

In his original Complaint, Mr. Finnell asserted numerous unrelated claims arising from Defendants' alleged (1) use of excessive force and deliberate indifference to his resulting injuries; (2) deliberate indifference to the risk to his health arising from forcing him to clean an area with excessive bird droppings; and (3) confiscation of his "JPay" tablet. (ECF No. 1.) Though far from a model of clarity, the Complaint appears to allege that corrections officers excessively sprayed Mr. Finnell with a chemical agent in December 2021 and January 2022 and did not provide him with medical treatment. (*Id.*, PAGEID # 25–30, 44–48.) Additionally, after experiencing chest pains while cleaning a room with bird droppings in December 2021, Mr. Finnell was admitted to the hospital and diagnosed with lung scarring. (*Id.*, PAGEID # 23–24, 37–40.) Finally, beginning in September 2023, the ODRC phased-out the use of JPay tablets, which Mr. Finnell used "to type and structure Legal Litigation, an[d] only then transfer to word processor," and he

---

[1] The Motion for Leave for Introduction of Public Record filed by Mr. Finnell on June 3, 2024 (ECF No. 21) is accordingly **DENIED as moot**.

claims that he lost information as a result of the ODRC's policy change. (*Id.*, PAGEID # 64, 66.)

In conjunction with his Complaint, Mr. Finnell also moved for a preliminary injunction and a temporary restraining order enjoining Defendants from forcing inmates to clean animal waste without proper protective equipment and preventing Defendants from destroying his JPay tablet. (ECF No. 1, PAGEID # 53–54.)

On April 1, 2024, Mr. Finnell sought leave to amend his Complaint (ECF No. 11), which the Magistrate Judge construed as his request to remove the excessive force and deliberate indifference claims. (April R&R, PAGEID # 532.) The Magistrate Judge granted leave to amend and performed an initial screen of his Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2), resulting in her recommendation that the Court dismiss his remaining allegations related to the confiscation of his JPay tablet and deny his renewed request for a preliminary injunction and temporary restraining order (ECF Nos. 11, 12, 13). (*Id.*, PAGEID # 539.)

Shortly after the Magistrate Judge issued the April R&R, Mr. Finnell filed a Petition for Leave to Cure Deficiency (ECF No. 20), arguing that, contrary to the Magistrate Judge's construction, he did not intend to abandon the excessive force and deliberate indifference claims in his original Complaint but rather meant his Amended Complaint to supplement his initial allegations. (ECF No. 20, PAGEID # 553, 555.) He also asserted further factual matter intended to bolster his JPay claim. (*Id.*, PAGEID # 560.) The Magistrate Judge construed Mr. Finnell's Petition

3

as a motion for leave to file a second amended complaint and denied the motion as futile. (June R&R, PAGEID # 603, 607.)

Mr. Finnell timely objected to the April R&R. (ECF No. 24.) Although he was allowed more time to object to the June R&R (ECF Nos. 25, 27), he did not file any objections, despite being advised of his right to do so.

## II.  STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III.  ANALYSIS

The Magistrate Judge construed the allegations in Mr. Finnell's Amended Complaint as asserting three claims related to his JPay tablet: (1) issuance of a false conduct report; (2) deprivation of property without due process of law in violation of the Fourteenth Amendment; and (3) violation of his First Amendment right to access the courts. (April R&R, PAGEID # 534.) The Magistrate Judge determined that none of these claims had merit. (*Id.*)

Mr. Finnell objects to the April R&R, arguing that he was not raising a false conduct report claim but merely a due process claim. (ECF No. 24, PAGEID # 610.)

4

He also contests the Magistrate Judge's finding that he failed to state a due process claim.[2] (*Id.*, PAGEID # 614.) As to that claim, the Magistrate Judge concluded:

> In this case, Plaintiff has failed to sufficiently plead that the post-deprivation tort remedies available to him under Ohio law are inadequate to adjudicate his property-deprivation claim as required under *Parratt* and *Vicory. See Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999) (citing *Hudson*, 468 U.S. at 534–36) ("State tort remedies generally satisfy the post-deprivation process requirement of the Due Process Clauses."). Because Plaintiff's Amended Complaint provides insufficient factual content or context from which the Court could reasonably infer that Ohio's post-deprivation tort remedies are inadequate to adjudicate his property-deprivation claim, it is **RECOMMENDED** that the Court **DISMISS** this claim.

(April R&R, PAGEID # 536.)

The Court finds no error in the Magistrate Judge's conclusions or reasoning. As the Magistrate Judge correctly observed, in a § 1983 case involving allegations of the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate. (April R&R, PAGEID # 536 (citing *Vicory v. Walton*, 721 F.2d 1062, 1065–66 (6th Cir. 1983)). If a plaintiff fails to do so, dismissal is appropriate. (*Id.*) In this case, both Mr. Finnell's Amended Complaint and Objection are silent as to the issue of remedies under Ohio law. His attempt to use his Objection to relitigate his claim is not well taken.

---

[2] Mr. Finnell's Objection does not address the Magistrate Judge's findings regarding his access-to-courts claim or his request for a preliminary injunction and temporary restraining order. The Court makes a *de novo* determination only of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).

Looking to the June R&R, Mr. Finnell was advised of his right to file objections and of the consequences of failing to do so. (June R&R, PAGEID # 608.) Although he sought two extensions of time to file objections (ECF Nos. 25, 27), he failed to do so, and the deadline has passed.

## IV. CONCLUSION

Mr. Finnell's Objection to the April R&R (ECF No. 24) is **OVERRULLED**. The Court **ADOPTS** and **AFFIRMS** the April R&R (ECF No. 14) and the June R&R (ECF No. 22). Mr. Finnell's request for a temporary restraining order and preliminary injunction (ECF Nos. 1, 11, 12, 13) and Petition for Leave to Cure Deficiency (ECF No. 20) are **DENIED**, and this case is **DISMISSED**. The Clerk is **DIRECTED** to **TERMINATE** this case from the docket of the United States District Court for the Southern District of Ohio.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**CHIEF UNITED STATES DISTRICT JUDGE**

6